# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SNYDER DEVELOPMENT COMPANY,**

    Plaintiff,

    v.

**AUTOZONE, INC.,** *et al.*,

    Defendants/Third-Party Plaintiffs,

    v.

**FD GAHANNA OHIO AGLER ROAD, LLC,**

    Third-Party Defendant.

Civil Action 2:18-cv-1274
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants/Third Party Plaintiffs, AutoZone, Inc.'s and AutoZone Development LLC's, ("Defendants") Motion for Leave to Assert Counterclaim (ECF No. 23), Plaintiff's Opposition thereto (ECF No. 27), and Defendants' Reply (ECF No. 28.)  Also before the Court is Defendants' Motion to Join Cincinnati Insurance Co. (ECF No. 24), which is unopposed.  The Court also considers the Motion for Admission Pro Hac Vice filed by Gary B. Gitlitz on January 31, 2019.  (ECF No. 23.)  Defendants' Motion for Leave to Assert Counterclaim is **GRANTED**, for the reasons set forth below.  (ECF No. 23.) Defendants' unopposed Motion to Join Cincinnati Insurance Co. is **DENIED WITHOUT PREJUDICE**, as set forth herein.  (ECF No. 24.)  The Motion for Admission Pro Hac Vice is also **DENIED WITHOUT PREJUDICE**, as set forth below.

# I. BACKGROUND

Plaintiff originally filed this action in the Court of Common Pleas, Franklin County, Ohio, on September 19, 2018, asserting a breach of lease claim against Defendants. (ECF No. 2.) Defendants timely removed to this Court based on diversity jurisdiction, as Plaintiff is a citizen of Ohio and Defendants are citizens of Nevada and Tennessee. (ECF No. 1.) On November 21, 2018, Plaintiff and Defendants jointly submitted a Rule 26(f) Report in which they "agree[d] that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by 1/31/19." (ECF No. 9.) Pursuant to the parties' agreement, the Court issued a Scheduling Order on November 26, 2018, setting a January 31, 2019 deadline to amend pleadings or join additional parties. (ECF No. 10.)

Within that deadline, on January 31, 2019, Defendants filed the instant Motion for Leave to Assert Counterclaim. (ECF No. 23.) Defendants seek to assert counterclaims against Plaintiff for breach of contract and intentional interference with contract arising from Plaintiff's refusal to consent to the assignment of the lease in question, allegedly in violation of the parties' contract. Defendants state that no discovery has been conducted beyond the exchange of initial disclosures. Plaintiff opposes Defendants' Motion on the grounds that the proposed counterclaims are compulsory and thus Defendants waived them by failing to assert them at the time they answered the Complaint. Relatedly, Plaintiff contends that Defendants have failed to act diligently in seeking to assert their counterclaims and that the claims are "meritless." (Op. at 8, ECF No. 27.)

Defendants have also filed a Motion to Join Cincinnati Insurance Co. ("Cincinnati Insurance") to this action. (ECF No. 24.) Defendants seek to join Cincinnati Insurance,

Plaintiff's insurer of the premises at issue in the disputed lease, because it is has sued Defendants in the Municipal Court of Franklin County, Ohio, for recovery of a $13,103.58 insurance payout it made to Plaintiff for alleged water damage at the leased premises. In their Motion, Defendants contend that "[i]t appears that the damages claimed by Cincinnati [Insurance] are duplicative of a portion of the damages claimed by [Plaintiff] with respect to the alleged water damage." (Mot. 2, ECF No. 24.) The Complaint reveals that Plaintiff seeks damages in the amount of $135,165.68 for alleged damage to the leased premises "in excess of normal wear and tear." (Compl. ¶¶ 22, 23, 27, ECF No. 2.). Defendants' Motion is unopposed.

## II. PRO HAC VICE MOTION

The Court first turns to the Motion for Admission Pro Hac Vice filed by Attorney Gary B. Gitlitz on January 31, 2019. (ECF No. 22.) The Clerk of Court issued a Notice of Deficiency on February 7, 2019, identifying deficiencies in counsel's Motion and requesting that counsel resubmit the Motion in proper format within fourteen days. (ECF No. 26.) Although more than fourteen days has lapsed since the Clerk of Court issued the Notice of Deficiency, counsel has yet to resubmit the Motion in the proper format. Therefore, Counsel's Motion for Admission Pro Hac Vice is **DENIED WITHOUT PREJUDICE** to resubmission in the proper format to cure the deficiencies identified in the February 7, 2019 Notice of Deficiency. (ECF No. 22.)

## III. MOTION FOR LEAVE TO ASSERT COUNTERCLAIM

The Court next turns to Defendants' Motion for Leave to Assert Counterclaim. Federal Rule of Civil Procedure 13(f) formerly governed a request to amend an answer to assert a counterclaim. In 2009, however, Rule 13 was amended to abrogate subdivision (f). The

Advisory Notes Committee Notes relating to the amendment state as follows:

> Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires. . . .

Fed. R. Civ. P. 13, Advisory Committee Notes, 2009. The Advisory Committee Notes to Rule 15 for 2009 likewise confirm that the "[a]brogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim." Fed. R. Civ. P. 15, Advisory Committee Notes, 2009.

Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

The Court finds Defendants' Motion for Leave to Assert Counterclaim to be well-taken. As an initial matter, the Court rejects Plaintiff's contention that because the proposed counterclaims are compulsory Defendants waived them by failing to assert them at the time they

4

answered the Complaint. (Op. 5, ECF No. 27.) Plaintiff points to Rule 13(a) in support of its position, which states: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). This Rule governs whether a claim is or is not compulsory. However, "[t]he recent amendments to the Federal Rules of Civil Procedure make clear that '[a]n amendment to add a counterclaim [is to be] governed by Rule 15,'" regardless of whether the counterclaim is compulsory. *Die Servs. Int'l, LLC v. Deutsch Sys.*, No. 2:13-cv-11312, 2014 WL 65231, at *1 (E.D. Mich. Jan. 8, 2014) (quoting Fed. R. Civ. P. 13, Advisory Committee Notes, 2009); *see also* Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim."). To be sure, Rule 13 states that a pleading must assert a compulsory counterclaim "at the time of its service." Fed. R. Civ. P. 13(a). Courts within the United States Court of Appeals for the Sixth Circuit, however, interpret this to mean "that a compulsory counterclaim not raised in an answer cannot be raised in subsequent litigation but may be filed (is not waived) in the instant litigation with the Court's permission." *Dixie Fuel Co., LLC v. Straight Creek, LLC*, No. 08-326-GFVT, 2011 WL 845828, at *3 (E.D. Ky. Mar. 8, 2011). Indeed, "[c]ourts are especially liberal in allowing leave to assert a compulsory counterclaim." *Croskey v. Union Sec. Ins. Co.*, No. 1:09-CV-400, 2009 WL 3401162, at *2 (W.D. Mich. Oct. 16, 2009). This is because a "compulsory counterclaim cannot be asserted in subsequent cases," which means that without leave "the pleader will lose the opportunity to have the claim adjudicated." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1430 (2d ed. 1990). This is also consistent with the principle

advanced by the Sixth Circuit that cases should be tried on their merits rather than the technicalities of pleadings. *Cf. Teft*, 689 F.2d at 639 ("The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings."). Accordingly, Rule 15(a)(2) governs Defendants' request for leave to assert a compulsory counterclaim. That Rule requires leave to be freely granted "when justice so requires," though leave should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495.

Here, the record contains no evidence demonstrating that Defendants seek to assert their counterclaims in bad faith or for dilatory purposes. Nor does the Court find that the assertion of the counterclaims would result in undue delay, particularly because they are brought within the agreed-upon deadline to amend pleadings and before the parties have served written discovery beyond the exchange of initial disclosures. The Court also finds that the proposed amendment will cause no prejudice to Plaintiff. Although Plaintiff maintains that permitting the amendment would cause prejudice because the claims are "meritless" and will "be a waste of resources" for the parties and the Court, it fails to offer any support for these assertions. Relatedly, the Court finds that Plaintiff's unsupported assertion that the proposed counterclaims are "meritless" fails to rise to the level of a futility challenge, and therefore declines to engage in a futility analysis. The Court notes, however, that Plaintiff remains free to challenge Defendants' counterclaims by way of a motion to dismiss. Accordingly, Defendants' Motion for Leave to Assert Counterclaim is **GRANTED**. The Court notes that although Defendants attached their proposed counterclaims to their Motion, the attachment consists of a stand-alone pleading setting forth only their proposed counterclaims rather than an amended answer that includes Defendants'

6

answers to the allegations in the Complaint and affirmative defenses together with their counterclaims, as Rule 13(a) contemplates. Accordingly, Defendant shall file an amended answer and affirmative defenses together with their counterclaims **WITHIN FOURTEEN DAYS** of the date of this Order

## IV. MOTION TO JOIN CINCINNATI INSURANCE

The Court next considers Defendants' Motion to Join Cincinnati Insurance. Defendants contend that Cincinnati Insurance is a necessary party under Rule 19(a)(1)(B)(ii). As the Sixth Circuit has recognized, assessing whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear a case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (internal quotation marks and citations omitted) (emphasis in original); *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (same). As for the first step in this three-step analysis, Rule 19(a)(1) instructs that a necessary party is one where:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If a court determines that a party is not 'necessary' under Rule 19(a)(1), 'joinder, as well as further analysis, is unnecessary." *Local 670, et. al. v. Int'l Union, et. al.*, 822 F.2d 613, 618 (6th Cir. 1987). If the party is found to be necessary and "has not been joined as required, the court must order that the person be made a party" pursuant to Fed. R. Civ. P. 19(a)(2), unless at step two the Court determines joinder is not feasible because it would defeat jurisdiction, in which case the Court turns to step three and considers the Rule 19(b) factors to determine whether the action should be dismissed. *Glancy*, 373 F.3d at 666 (citing *Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 8 (1990) and *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)). "The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a)." *Reilly*, 6 F. Supp. at 774 (citing *Marshall v. Navistar Intern. Trnasp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996) and 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d Ed. 2013)). "'The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence.'" *Id.* (quoting *Lewis v. Ceralvo Holdings, LLC*, No. 4:11-cv-55-JHM, 2012 WL 32607, at *8 (W.D. Ky. Jan. 6, 2012)).

Here, the Court concludes that Cincinnati Insurance, as partial subrogee[1] to proceeds that may be recovered in this lawsuit, is a necessary party under Rule 19(a)(1)(B)(ii). According to its lawsuit filed in the Municipal Court of Franklin County, Ohio, Cincinnati Insurance has made

---

[1] An insurer that pays only a portion of the loss of the insured, as opposed to the total amount of the loss, is a partial subrogee. *See Krueger v. Cartwright*, 996 F.2d 928, 931-32 (7th Cir. 1993) ("[A]n insurer who pays a part of the loss of its insured is only partially subrogated to the insured's rights."); *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 526 (E.D. Mich. 2004) ("[A]n insurer who has a right of subrogation and pays a portion of the insured's loss" is a partial subrogee).

a $13,103.58 insurance payout to Plaintiff for water damage allegedly caused by Defendants at the leased premises. In this action, Plaintiff seeks damages in the amount of $135,165.68 for alleged damage to the leased premises "in excess of normal wear and tear." (Compl. ¶¶ 22, 23, 27, ECF No. 2.) This Court has held that a partial subrogee is a necessary party under Rule 19(a)(1)(B) because "its absence may impede its ability to protect its interest and also may leave [the] [d]efendant subject to a risk of incurring double, multiple, or inconsistent obligations." *Danny Herman Trucking, Inc. v. Boulware*, No. 2:18-cv-644, 2018 WL 6726877, at *2 (S.D. Ohio Dec. 21, 2018) (citing *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381-82 (1949)); *see also Bringer v. Ronk Elec. Indus., Inc.*, No. 2:06-cv-441, 2007 WL 709337, at *2 (S.D. Ohio Feb. 27, 2007) (granting a defendant's motion to join the plaintiff's insurer under Rule 19(a) because in its absence "defendants may be subjected to the possibility of inconsistent or multiple obligations"); *Schnatter v. Alanjo Design, Inc.*, No. 3:05-cv-802-S, 2006 WL 3043429, at *1 (W.D. Ky. Oct. 23, 2006) (joining insurer that made insurance payout to action by insured to recover unpaid portion of damages from tortfeasor). Accordingly, the Court concludes that Cincinnati Insurance is a necessary party to this action.

This Court's inquiry does not end there, however. Rather, the Court must also determine whether joinder of Cincinnati Insurance would destroy subject-matter jurisdiction. *Glancy*, 373 F.3d at 666. If it would not, then Cincinnati Insurance must be joined pursuant to Rule 19(a)(2). If, however, joinder would defeat jurisdiction, the Court must determine if the action cannot proceed without Cincinnati Insurance "in equity and good conscience" because it is indispensable, in which case the action should be dismissed. *Id.*; *see also Reilly*, 6 F. Supp. at 774. Otherwise, the case would continue without Cincinnati Insurance. *Id.*; *see also Reilly*, 6

9

F. Supp. at 774. The Sixth Circuit has held that although a partial subrogee is a necessary party under Rule 19(a), it generally is not indispensable under Rule 19(b). *See Baker v. 3M*, 99 F. App'x 718, 723 (6th Cir. 2004) (holding that a partial subrogee may be a necessary party under Rule 19(a), but it is not an indispensable party under Rule 19(b)) (citing *Aetna*, 338 U.S. at 382); *see also Fed. Ins. Co. v. Benchmark Bank*, No. 2:17-cv-135, 2018 WL 527285, at *3 (S.D. Ohio Jan. 24, 2018) (same). Thus, if joinder of Cincinnati Insurance would leave this Court's jurisdiction intact, then it must be joined. If joinder would defeat jurisdiction, then this action should continue without Cincinnati Insurance.

The Court has jurisdiction over this action based on diversity of citizenship, as Plaintiff is a citizen of Ohio and Defendants are citizens of Nevada and Tennessee. Defendants fail to indicate in their Motion whether adding Cincinnati Insurance Company would destroy diversity, and the current record before the Court does not identify the citizenship of Cincinnati Insurance. Thus, although Defendants have established that Cincinnati Insurance is a necessary party, the Court is unable to determine whether Cincinnati Insurance must be joined. As such, Defendants' Motion to Join Cincinnati Insurance is **DENIED WITHOUT PREJUDICE**. Should Defendants decide to refile their Motion, they must identify the citizenship of Cincinnati Insurance and offer analysis relating to how said citizenship impacts this this Court's Rule 19 analysis.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Assert Counterclaim is **GRANTED**. (ECF No. 23.) Defendants' unopposed Motion to Join Cincinnati Insurance Co. is **DENIED WITHOUT PREJUDICE**, as set forth above. (ECF No. 24.) The Motion for

Admission Pro Hac Vice is also **DENIED WITHOUT PREJUDICE**, as set forth above. (ECF No. 22.)

    **IT IS SO ORDERED**.

                                /s/ *Chelsey M. Vascura*
                                CHELSEY M. VASCURA
                                UNITED STATES MAGISTRATE JUDGE