IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SNYDER DEVELOPMENT COMPANY** : | |
| : | Case No. 2:18-CV-1274 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| **AUTOZONE, INC., et al.,** : | |
| : | |
| **Defendants/Third-Party Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **FD GAHANNA OHIO AGLER ROAD** : | |
| **LLC,** : | |
| : | |
| **Third-Party Defendant** : | |

**OPINION & ORDER**

This matter comes before the Court on Third-Party Defendant's Motion to Dismiss for failure to state a claim. (ECF No. 29). For the reasons that follow, Third-Party Defendant's Motion is granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff Snyder brought this case alleging claims of breach of contract and negligence in relation with a lease entered with Defendant AutoZone.[1] (ECF No. 2). In response, AutoZone brought suit against FD Gahanna. This Opinion & Order concerns the lease between Autozone Development and FD Gahanna. On April 3, 2015, AutoZone Development leased premises in the shopping center pursuant to a new lease with FD Gahanna ("FD Lease"). In exchange, FD Gahanna agreed to assume the responsibilities of the Snyder Lease – that is, the lease between

---

[1] On August 30, 2014, AutoZone, Inc., as assignor, and AutoZone Development, as assignee, entered into an assignment of AutoZone Inc's right, title, and interest in and to the Snyder Lease. For the purposes of this Order, "AutoZone" means both AutoZone, Inc. and AutoZone Development.

1

AutoZone and Snyder – after an assignment had been executed. *Id.* In December 2015, the assignment had been executed, and AutoZone Development left the old premises and relocated to the new premises. *Id.* AutoZone Development then contacted Snyder for consent to the Assignment to FD Gahanna and consent was refused as FD Gahanna had already failed to pay Snyder for rent and other required items pursuant to Section 21.1 of the FD Lease and the Assignment in December. *Id.*

Third Party Plaintiff AutoZone, Inc. brought this action against Third Party Defendant FD Gahanna for claims of Breach of Contract, Unjust Enrichment, Promissory Estoppel, Tortious Interference with Contract, Indemnification, and Contribution. *Id.* FD Gahanna filed a Motion to Dismiss (ECF No. 29), arguing that AutoZone failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). AutoZone filed a Response in Opposition (ECF No. 31) and FD Gahanna filed a Reply (ECF No. 34).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

### III.     LAW & ANALYSIS

Under Ohio Law, relationships governed by contract law cannot also be governed by tort law. *Ketcham v. Miller,* 104 Ohio St. 372, 136 N.E. 145, 146 (1922). For the purposes of this Motion to Dismiss, this Court will not address whether the Third-Party Plaintiff AutoZone has to elect a specific remedy in tort or in contract. Third Party Plaintiff is allowed to plead in the alternative or inconsistently (*See* Fed. R. Civ. P. 8(d)) but at some point, AutoZone must elect whether it will pursue relief in tort or in contract. Preventing double recoveries for the same wrong is the primary purpose of the election-of-remedies doctrine. *U.S. ex rel. Augustine v. Century Health Services, Inc.,* 289 F.3d 409, 416 (6th Cir. 2002) (citing *Gens v. Resolution Trust Corp.,* 112 F.3d 569, 573 (1st Cir. 1997)). Therefore, this Court will only address whether Third

Party Plaintiff AutoZone properly stated each claim for relief, regardless of whether recovery is possible.

## A. Breach of Contract

AutoZone's first claim is for breach of contract. AutoZone argues that FD Gahanna materially breached Section 21.1 of the FD Lease and the Assignment by failing to make payments to Snyder for rent and other items that were required under the Snyder Lease; by failing to use good faith efforts to terminate the Snyder Lease; by failing to safeguard the Premises against the loss alleged and described in the Plaintiff's Complaint; and by procuring Snyder's refusal to consent to the Assignment (ECF No. 25). In response, FD Gahanna argues that AutoZone did not have consent to assign the Snyder Lease. For the purposes of this motion, this Court is only concerned with the agreement between AutoZone and FD Gahanna and not whether the Snyder Lease was properly assigned.

In order properly to plead a claim for breach of contract, a plaintiff must show that there was a contract and that the contract was materially breached. A material breach of contract occurs when a party violates a term essential to the purpose of the agreement. *See Troy Oaks Homes & Residential Club, Inc. v. Sokolowski,* 78 N.E.3d 365, 2016-Ohio-8427. Here, AutoZone alleges that FD Gahanna materially breached their lease agreement by failing to assume the liabilities of the Snyder Lease. Whether the failure to assume the liabilities constitutes a material breach is not a question that can be answered at this stage of litigation. To determine if an alleged breach is material, the factfinder must consider all of the circumstances of the case, including the conduct and relationship of the parties. *Ohio Educ. Ass'n v. Lopez,* 10th Dist. Franklin Co. No. 09AP-1165, 2010-Ohio-5709, ¶ 12. This Court is held to the standard for review for a 12(b) motion to dismiss and thus, cannot, at this stage, determine whether there was

a breach because this Court cannot consider all of the circumstances of the case and whether consent was needed for assignment. The only issue before this Court is whether AutoZone pled enough facts on its complaint for which relief could plausibly be granted. Finding that it did, this Court concludes that AutoZone did properly state a claim for breach of contract.

### B. Unjust Enrichment

AutoZone's second claim is for Unjust Enrichment. AutoZone argues it conferred a benefit upon FD, in the form of specific consideration, in exchange for the obligations FD undertook pursuant to Section 21.1. of the FD Lease; FD had knowledge of the benefit conferred upon AutoZone; and FD retained the conferred benefit without compensating AutoZone that constitutes unjust enrichment (ECF No. 25).

In order to prevail on an unjust enrichment claim, the following elements must be proven: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hummel v. Hummel,* 133 Ohio St. 520, 525, 14 N.E.2d 923 (1938).

As a part of the FD lease, AutoZone alleges section 21.1 laid out the assignment of the Snyder Lease and liability that FD Gahanna were to incur. This section acted as specific consideration and AutoZone indicates that it would not have gone through with the lease if FD Gahanna had not taken over the payments for the Snyder property. Thus, the benefit conferred by AutoZone and retained by FD Gahanna would have been the income from AutoZone leasing the property, while FD Gahanna allegedly failed to fulfill its obligation of paying for the Snyder Lease. AutoZone further alleges that FD Gahanna knew of the benefit because it accepted the payments from AutoZone while failing to pay for the Snyder Lease. Lastly, AutoZone alleges it

would be unjust for FD Gahanna to not compensate AutoZone in some manner since AutoZone only entered into the lease because it had promised to cover the liability of the Snyder Lease. Therefore, AutoZone properly pleaded a claim for unjust enrichment and the motion to dismiss as to this claim is denied.

### C. Promissory Estoppel

AutoZone's third claim is for Promissory Estoppel. AutoZone argues FD Gahanna made a clear and unambiguous promise to AutoZone that it would assume the Snyder Lease; it was reasonable and foreseeable that AutoZone would rely upon this promise by FD Gahanna; and AutoZone did in fact rely upon FD Gahanna's promise to assume the Snyder Lease by entering into the FD Lease and relocating its store to the New Premises (ECF No. 25).

In FD Gahanna's Motion to Dismiss, it alleges the Parol Evidence Rule bars AutoZone's claim of Promissory Estoppel. This Court will not address the applicability of the parol evidence rule for the purposes of this motion because such a determination would be beyond the scope of a Rule 12(b) Motion to Dismiss. A court's determination of "whether a prior agreement is within the scope of the integration requires evaluation of all relevant evidence and a Civ.R. 12(B) motion is generally not well suited as a vehicle for such process." *Edwards v. Thomas H. Lurie & Assoc.* 10th Dist. Franklin No. 94APE01-21, 1995 WL 12126, *2. The presence of actual or potential ambiguity in the contract at issue will defeat a motion to dismiss based upon the parol evidence rule. *See Stickney v. United Ins. Group Agency, Inc.,* S.D. Ohio No. 3:13-CV-235, 2014 WL 310045, * 4 (citing *Astor v. IBM Corp,* 7 F.3d 533, 539 (6th Cir. 1993)). Therefore, this Court, by analyzing the prima facie elements of promissory estoppel with the pleaded facts, will determine whether third party Plaintiff AutoZone properly stated a claim.

In order to establish a claim for promissory estoppel, a party must establish the following elements: "(1) a clear and unambiguous promise was made; (2) upon which it would be reasonable and foreseeable for the party to rely; (3) actual reliance on the promise; and (4) the party was injured as a result of the reliance. *A N Bros.Corp. v. Total Quality Logistics, LLC.*, 12th Dist. Clermont No. CA2015-02-021, 59 N.E.3d 758, 769, *32.

AutoZone claims that FD Gahanna made a promise when FD Gahanna agreed to cover the liability of the Snyder Lease in both the FD Lease and Assignment. Further, AutoZone indicates that it was reasonable and foreseeable for AutoZone to rely on this promise as it was agreeing to lease a new property off of FD Gahanna and had no reason to believe FD Gahanna would not fulfill its part of the bargain. AutoZone alleges it actually relied on FD Gahanna's promise by moving out of the Snyder property and assuming additional lease liability by moving into the FD Gahanna property. Lastly, AutoZone pleads that it was injured as a result of the reliance since the Snyder Lease was (allegedly) not paid for by FD Gahanna and AutoZone was still contractually obligated to make those payments. AutoZone has properly pleaded this claim and the motion to dismiss is denied.

### D. Tortious Interference with Contract

AutoZone's fourth claim is for Tortious Interference with Contract. AutoZone argues that a contract existed between Snyder and AutoZone in the form of the Snyder Lease; FD had knowledge of the Snyder Lease and intentionally, without justification, procured the breach of the Snyder Lease. Alternatively, AutoZone argues that FD induced AutoZone not to pay rent to Snyder by promising to assume the Snyder Lease and pay said rent, and by refusing to pay rent to Snyder itself (ECF No. 25).

In order to prevail on a Tortious Interference with Contract Claim, the elements are as follows: (1) an existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages. *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 85 Ohio St.3d 171, 176, 707 N.E.2d 853 (1999).

In analyzing the alleged facts, the existence of a contract is present with the Snyder Lease. The alleged wrongdoer, FD Gahanna, knew of the Snyder Lease as prescribed in Section 21.1 in the FD Lease. AutoZone claims that FD Gahanna "intentionally procured" the breach because FD Gahanna knew Snyder would never consent to the assignment of the lease. AutoZone claims that FD Gahanna had been "luring away certain of Snyder's key tenants to become tenants of FD on the other side of the Shopping Center." (ECF No. 25). Further, AutoZone claims that FD Gahanna had been planning on purchasing Snyder's side of the Shopping Center at less than fair market value. *Id.* Thus, FD Gahanna had an alleged "hidden agenda" behind entering into a lease agreement and assignment with AutoZone. Finally, AutoZone alleges FD Gahanna lacked justification for their "intentional procurement" and suffered damages with the failure to pay rent and other expenses. AutoZone has properly pleaded a claim for Tortious Interference of Contract.

### E. Indemnification

AutoZone's fifth claim is for Indemnification. It argues that it is entitled to indemnification from FD Gahanna for any and all sums awarded against AutoZone as FD Gahanna's breach of the FD Lease was the proximate cause of AutoZone's alleged damages (ECF No. 25).

Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require reimbursement. *Travelers Indemnity Co. v. Towbridge,* 41 Ohio St.2d 11, 11, 321 N.E.2d 787 (1975). When an indemnitor expressly agrees to indemnify an indemnitee except in certain specified instances, and it is determined that the exceptions do not pertain, the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement. *Allen v. Standard Oil Co.* 2 Ohio St.3d 122, 125, 443 N.E.2d 497 (1982).

Pursuant to ¶ 44 of the FD Lease, AutoZone agreed to "indemnify and hold landlord harmless from and against all loss, claims, liability or costs incurred by any reason of… (d) any breach or default on the part of the tenant (AutoZone Development) in the performance of any covenant or agreement of the part of the tenant to be performed to this lease." (ECF No. 25-2). Given this agreement in the lease, AutoZone agreed to indemnify and hold harmless FD Gahanna, not vice versa. Therefore, AutoZone does not state a claim for Indemnification.

### F. Contribution

AutoZone's sixth claim is for Contribution. Pursuant to Ohio Law, "if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property…there may be a right of contribution" OHIO. REV. CODE. 2307.25(A). The general rule for joint and several liability is that "where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally." *Bowling v. Heil Co.,* 31 Ohio St.3d 277, 286, 511 N.E.2d 373 (1987). *See Transfer Co. v. Kelly,* 36 Ohio St. 86, 90, 1880 WL 65 (1880). AutoZone argues that if it is liable to Snyder, then FD Gahanna must also be jointly and severably liable to Snyder.

9

AutoZone has properly pleaded a claim for contribution because Snyder has filed a claim against AutoZone for negligence. At this stage of litigation, the merits of Snyder's negligence claim cannot be determined. Therefore, FD Gahanna's Motion to Dismiss this claim is denied.

## IV. CONCLUSION

Third-Party Defendant FD Gahanna's Motion to Dismiss is **DENIED** in part and **GRANTED** in part. Defendant/Third-Party Plaintiff AutoZone's claim for indemnification is dismissed. AutoZone's claims for breach of contract, promissory estoppel, tortious interference with contact, unjust enrichment, and contribution are properly pleaded and are not dismissed.

**IT IS SO ORDERED.**

                                         **s/ Algenon L. Marbley**
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: August 12, 2019**