**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SNYDER DEVELOPMENT COMPANY** : | |
| : | Case No. 2:18-CV-1274 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| **AUTOZONE, INC., et al.,** : | |
| : | |
| Defendants/Third-Party Plaintiff : | |
| : | |

## <u>OPINION & ORDER</u>

This matter comes before the Court on Plaintiff/Counterclaim Defendant Snyder Development Company's ("Snyder") Motion to Dismiss Defendants/Counterclaimants AutoZone, Inc.'s and AutoZone Development LLC's[1] Restated Counterclaim against Snyder. (ECF No. 37; 58).[2] Snyder's first motion to dismiss (ECF No. 37) is **MOOT**. For the reasons that follow, Snyder's second motion to dismiss (ECF No. 58) is **DENIED**.

### I. BACKGROUND

In October of 2002, Snyder agreed to lease to AutoZone a unit in a strip mall located on Agler Road in Gahanna, Ohio. (ECF No. 2 at 2). They entered into a lease agreement for five years with three separate options to extend the lease for renewal periods of five years. *Id.* at 12. AutoZone exercised those first two of those options to renew. *Id*. at 5. The lease agreement

---

[1] On August 30, 2014, AutoZone, Inc., as assignor, and AutoZone Development, as assignee, entered into an assignment of AutoZone Inc's right, title, and interest in and to the Snyder Lease. For the purposes of this Order, "AutoZone" means both AutoZone, Inc. and AutoZone Development.
[2] On March 27, 2019, Snyder was ordered to amend its complaint to include Cincinnati Insurance Co. as a co-Plaintiff. (ECF No. 35). Snyder filed a motion to dismiss AutoZone's counterclaims on April 1, 2019. (ECF No. 37). In August 2019, Snyder filed an amended complaint against all parties. (ECF No. 47). In response, AutoZone refiled its answer and counterclaim against AutoZone. (ECF No. 56). Shortly after, Snyder filed a substantially similar motion to dismiss AutoZone's amended counterclaims. (ECF No. 58). In its second response (ECF No. 59) to Snyder's motion to dismiss, AutoZone incorporates its first response (ECF No. 40). This matter is ripe for review.

1

included a clause requiring Snyder's prior written consent should AutoZone wish to assign or sublet the unit. (ECF No. 58 at 3).

In April of 2015, however, AutoZone entered into a lease agreement for a rental unit on the other side of the strip mall with FD Gahanna Ohio Agler Road LLC ("FD Gahanna"). FD Gahanna owned the other half of the strip mall on Agler Road and was allegedly attempting to purchase Snyder's half at a reduced "fire sale" price. (ECF No. 53 at 12). To do so, FD Gahanna was purportedly engaging in sly tactics—it offered AutoZone a fifteen-year lease and agreed to assume and pay off AutoZone's existing lease with Snyder so that the unit that AutoZone was renting would become vacant. (*Id.* at 12; ECF No. 58 at 3). In December 2015, AutoZone vacated the Snyder unit and stopped paying rent pursuant to its new lease with FD Gahanna. FD Gahanna did not make payments to Snyder, arguing that because Snyder never gave its consent to the assignment, it was never obligated to pay. (ECF No. 53 at 11-12).

Thereafter, Snyder brought this case alleging claims of breach of contract and negligence in relation to the lease with AutoZone. (ECF No. 2). In response, AutoZone brought a third-party complaint against FD Gahanna and two counterclaims against Snyder for breach of contract and tortious interference with contract. (ECF No. 25; ECF No. 53). Snyder now moves to dismiss the counterclaims brought against it by AutoZone, arguing: (1) that it has not breached the contract between them because the express terms of that contract gave Snyder sole discretion to permit or refuse assignment of the lease; and (2) that AutoZone failed to plead plausibly lack of justification in its tortious interference with contract claim. (ECF No. 37; 58). AutoZone opposes the motion to dismiss arguing that Snyder's arguments are impermissible attempts to try this case at the pleading stage and that it has sufficiently pled both causes of action. (ECF No. 40).

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

### III.  LAW & ANALYSIS

3

## A. Breach of Contract

AutoZone's first claim is for breach of contract. AutoZone argues Snyder materially breached the terms of their lease by refusing to consent to its attempt to assign the lease to FD Gahanna because this refusal violated the "implied duty of good faith and fair dealing inherent in the Snyder lease." (ECF No. 53 at 13). Additionally, AutoZone claims that Snyder acted in a "commercially unreasonable" manner by refusing the assignment because Snyder had no legitimate basis to refuse consent since the assignment would not have eliminated AutoZone's underlying liability on the lease and would have only added another obligor (FD Gahanna). *Id.* In response, Snyder argues that it did not breach the lease agreement because it had an "absolute and exclusive right" to withhold written consent to the lease and that its refusal to give consent was not only commercially reasonable but an "astute and sensible business decision[] and conduct." (ECF No. 58 at 7).

At issue is whether the implied covenant of good faith and fair dealing applies to the contractual provision permitting AutoZone to assign its lease only with Snyder's permission. Snyder argues that it did not breach the implied covenant of good faith and fair dealing because that covenant cannot be used to override the express terms of lease agreement, which vest it with the exclusive ability to withhold consent to assignment. *Id.* at 8. AutoZone acknowledges that there is a rift in Ohio law regarding whether a landlord is required to act in a commercially reasonable manner in deciding to consent to a lease assignment. (ECF No 40 at 6-7) (*citing Littlejohn v. Parrish*, 839 N.E.2d 49, 54 (Ohio App. 1st Dist. 2005) and *F & L Ctr. Co. v. Cunningham Drug Stores, Inc.*, 19 Ohio App. 3d 72, 75, 482 N.E.2d 1296, 1299 (1984)). AutoZone urges this court to follow the *Littlejohn* decision, which criticized the approach used in *F&L* and determined that every contract "has an implied covenant of good faith and fair dealing

that requires not only honesty but also reasonableness in the enforcement of the contract." *Littlejohn v. Parrish*, 839 N.E.2d 49, 54 (Ohio App. 1st Dist. 2005).

The Ohio Supreme Court has recently determined that in "addition to a contract's express terms, every contract imposes an implied duty of good faith and fair dealing in its performance and enforcement." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018). In order to plead a claim for breach of contract regarding the implied duty of good faith and fair dealing, a plaintiff must show a "breach of a specific obligation imposed by the contract, such as one that permits a party to exercise discretion in performing a contractual duty or in rejecting the other party's performance." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018). The implied duty is an "undertaking not to take opportunistic advantage in a way that could have not been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties" but is not breached by a party "merely by seeking to enforce the contract or by acting as permitted by its express terms." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018); *McGrath v. Nationwide Mut. Ins. Co.*, 295 F. Supp. 3d 796, 809 (S.D. Ohio 2018) (noting "nor can there be a breach of the implied duty unless a specific obligation imposed by the contract is not met").

Here, AutoZone has sufficiently pled a breach of the implied covenant of good faith and fair dealing because it alleges that Snyder breached the contract by not giving its consent to AutoZone to assign the lease to another party. According to AutoZone, Snyder had discretion to consent to the assignment of the lease and exercised its discretion in an unreasonable manner. The Court is not permitted to make a factual determination at this stage as to whether Snyder's decision to withhold consent actually breached this covenant or was unreasonable. AutoZone has stated a claim upon which relief may be granted.

### B. Tortious Interference with Contract

AutoZone's second claim is for tortious interference with contract. AutoZone claims that Snyder "intentionally, willfully, wantonly, and without justification" caused FD Gahanna to breach its lease and assignment contract with AutoZone by refusing to give its consent to the lease assignment. (ECF No. 53 at 14). Snyder argues that it was justified in refusing to give its consent and that AutoZone has not made a plausible argument as to how Snyder lacked justification for its actions. (ECF No. 58 at 11).

A tortious interference with contract claim requires a plaintiff to show: (1) existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) the lack of justification; and (5) resulting damages. *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 85 Ohio St.3d 171, 176, 707 N.E.2d 853 (1999). Here, AutoZone has pled sufficient facts to show that a contract existed between AutoZone and FD Gahanna and that Snyder knew of this contract. Snyder does not dispute that AutoZone has also pled sufficient facts to establish the third and fifth prongs—that Snyder's consent resulted in the breach of the contract between AutoZone and FD Gahanna and resulting damages. (ECF No. 58 at 10-11). Snyder argues only that AutoZone has failed to plead a lack of justification.

To establish lack of justification, plaintiff is required to show that defendant's conduct was improper. *See Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999) (noting "[t]he issue in each case is whether the interference is improper or not under the circumstances; whether, upon a consideration of the relative significance of the factors involved, the conduct should be permitted without liability, despite its effect of harm to another"). Construing AutoZone's claims in the light most favorable to it, AutoZone has sufficiently pled that Snyder's conduct was "improper" by arguing that Snyder "had a legal duty to act in good

faith and in a commercially reasonable manner in consenting or refusing consent to the Assignment, and that Snyder failed to do so by refusing consent in bad faith and for a commercially unreasonable reason." (ECF No. 40 at 12). Accordingly, AutoZone has properly pled a claim for tortious interference with contract.

## IV.  CONCLUSION

Plaintiff/Counterclaim Defendant Snyder's second motion to dismiss (ECF No. 58) is **DENIED**. Snyder's previously filed motion to dismiss (ECF No. 37) is **MOOT**.

**IT IS SO ORDERED.**

                                        <u>s/ Algenon L. Marbley</u>
                                        **ALGENON L. MARBLEY**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  December 10, 2019**